Statement of the Case.
MONROE, J.
Defendants were prosecuted for feloniously and unlawfully killing “one hog, of the value of $15, the property of Abe Crayton, with intent to steal the same,” and, having been found “guilty as charged” were sentenced to imprisonment at hard labor for 18 months.
The transcript contains one bill of exception and a motion in arrest of judgment. The bill of exception recites: That the defendants were arraigned and pleaded “not guilty.” That their case was set down for trial. That on the day fixed for the trial the court appointed Geo. II. Clinton, attorney at law, to represent them, and that they “were permitted to withdraw their former plea and plead not guilty and for trial by jury.” That the case was then set for trial for a subsequent day, when a jury (of five) was impanneled and the trial proceeded with. That, after the argument, their counsel requested the court to charge the jury:
‘‘That, if the evidence proved a case of larceny, it was their duty to acquit, for the reason that the value of the property, as charged in the information, was less than $20, and that the jury was without jurisdiction in such cases, as the accused parties could not be sent to the penitentiary.”
This charge was refused. That defendants further asked the court to charge the jury:
“That if the evidence showed that no larceny was committed, but that the accused parties had killed the hog, with the intention of stealing it, it was their duty to acquit, for the reason that Act No. 107 of 1902, repealed that portion of section 3 of Act No. S, of * * * 1870, under which this prosecution was instituted, and that no such crime as that charged is known to the laws of this state.”
This charge was also refused, and the 'bill of exception was thereupon taken.
The motion in arrest is based on the grounds stated in the bill of exception, and the judge a quo gives the following reasons for overruling the same, to wit:
“In this case, .defendants, being prosecuted under section 854 of the revised statutes, and being convicted, file a motion in arrest of judgment, on the ground that the evidence shows they are guilty of larceny of a hog, of a value less than $20, and that, therefore, it being a case not triable by jury .and not punishable by a penitentiary sentence, the verdict should be set aside; and, on the further ground, that the said section was repealed by Act No. 107 of 1902. * * * I do not think that the statute under which the defendants were prosecuted was intended to be used in cases where there is a perfect case of larceny, but only in cases where there was an incomplete attempt at it, such, for instance, as the failure of asportation. It is the attempt to commit the crime of larceny which is denounced by this statute, and which may be punishable by imprisonment at hard labor for two years, which, if the attempt should be carried to perfection of larceny, the perpetrator, if the value of the thing stolen is under $20, cannot be tried by a jury, nor sent to the penitentiary, under the graded act.”
Opinion.
Defendants are prosecuted under section 3, Act No. 8, p. 50, of the Extra Session of 1870, which is published in Wolf’s Rev. St. immediately after section 854. The section reads, in part:
“That whosoever shall wound, or kill, any neat cattle, hog, sheep or goat, the property of another, with intent to steal the same, * « * shall, on conviction, be imprisoned, at hard labor, or otherwise, not exceeding two years, and fined, not exceeding $1,000, at the discretion of the court.”
Section 5, Act No. 107, p. 162, of 1902, grades the crime of “larceny of property of a less value than $100, unaccompanied with any of the several sorts of burglary, or other crimes,” and provides that, if the property stolen “be of the value of $5, or more, but less than $20, the punishment shall be im *973 prisonment for not more than six months nor less than one month.”
Const. art. 116, provides that:
“All cases in which the punishment may not be at hard labor, shall, until otherwise provided by law, which shall not be prior to 1904, be tried by the judge without a jury. Oases in which the punishment may be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict.”
In the instant case, the punishment may be at hard labor; hence the case was properly tried by a jury of five.
The crime denounced by the statute, and for which defendants were prosecuted and convicted, was not “larceny,” but the killing of a hog, the property of another, with intent to steal the same; and, to have entitled the state to a conviction, it was necessary that the proof should have established the killing and the intent. The intent may have been proved with or without proof establishing the completed crime of larceny. If the completed offense was proved, it necessarily Included the proof required to establish the intent, and that was the only purpose for which proof on that subject could have been admitted, since the completed offense was not charged. If there had been a failure to prove the killing, there could have been no conviction; for there would have been nothing left of the charge save the charge of intent to steal, which is not a crime. If there had been a failure to prove the intent, there could have been no conviction, for, though the killing of a hog, the property of another, is denounced as an offense, byltev. St. § 815, it is not punishable at hard labor, and the jury of five would have been without jurisdiction.
Section 5, Act No. 107, p. 162, of 1902, deals with larceny, and not with the killing or wounding of animals belonging to others with intent to steal them, which is a distinct of■fense — not to be confused with larceny — not dependant upon the value, or the asportation oi the animal, not'graded and being possibly punishable at hard labor, triable by a jury of five. Section 3, Act No. 8, p. 49, of the Extra Session of 1870, establishing said offense, is not therefore repealed by the act of 1902. The requested charges were properly refused.
Judgment affirmed.